## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORA E. BANKS, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )      **Civil Action No. 04-441 (GK)** |
| | ) |
| ANN VENEMAN, Secretary, U.S. | ) |
| Dept. of Agriculture, | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

_____Plaintiff, a 54-year old African-American female, brought this action pursuant to Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000-e, *et seq.,* and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* Plaintiff alleges Defendant discriminated against her based on race, age, and gender, and in retaliation for her prior Title VII activities. Defendant has filed a motion for summary judgment and Plaintiff an opposition to the motion. Because the Court concludes that genuine issues of material fact are in dispute at this stage of the litigation, the motion will be denied.


*Factual Background*

This case involves Plaintiff's non-selection to a Trade and Investment Management Specialist Position in the United States Department of Agriculture, Foreign Agricultural Service. Amended Complaint ("Am. Compl."), ¶ 11. Plaintiff has been an employee of the federal government for almost 30 years, 15 of those years in the Foreign Agricultural Service. *Id.,*¶ 10. Plaintiff has brought previous discrimination claims against Defendant which were settled by the parties after the filing of a complaint in this Court. *Id.*, ¶¶ 11-12; Plaintiff's

Opposition to Defendant's Motion for Summary Judgment ("Plaintiff's Opp."), Exhibit ("Ex.")

2.  The settlement agreement was executed by the parties on April 4, 2001.  *Id.*

On September 13, 2001, Defendant issued a vacancy announcement which stated that:

> FAS/ICD/FID/Trade and Investment Program (TIP) intends to convert the
> Schedule B appointment of a GS-303-7, Program Assistant, to a GS-301-9,
> Trade and Investment Management Specialist.  This position is responsible for
> carrying out programmatic and administrative activities associated with the
> planning, coordination, implementation and evaluation of a wide range of
> international trade and investment promotion programs in agricultural
> disciplines related to the objectives of the Trade and Investment Program.
> These programs may be country-specific, regional or worldwide in scope and be
> conducted in the U.S. and/or overseas.

Defendant's Motion for Summary Judgment ("Deft.'s Mtn."), Ex. 1, p. 5.  The agency's intent

was to promote the incumbent in the GS-7 position, Daniel Sargent, to a temporary GS-9 under

the Schedule B exception.  *Id.*, Declaration of Christian Foster ("Foster Decl."), ¶ 3.  Schedule

B employees are direct-hire Federal employees on a time-limited or term appointment.  *Id.*,

Attachment 1, p. 1.  These employees have neither career status nor protection from

reductions-in-force.  *Id.*  The Office of Personnel Management has authorized Defendant to

use the Schedule B exception to appoint qualified individuals non-competitively to

international technical assistance and training positions of a project nature for up to five years.

*Id.*

Because the advertised position was a Category 2 under Schedule B, any individual that

applied for the position would be competing against the incumbent, Daniel Sargent, a white

male younger than Plaintiff. *Id.*, p. 2; Am. Compl., ¶ 17.  At the time of the announcement, Mr.

Sargent was leading an international team in a training activity for Polish and Ukranian

veterinarians.  Foster Decl., ¶ 3.  Plaintiff and another individual applied for the position.  *Id.*, ¶

5.  At the time of her application, Plaintiff was a GS-7 Program Assistant in the Trade and

Investment Program, the same position held by Mr. Sargent.  *Id.*, ¶ 4; Am. Compl., ¶ 17.

Christian Foster, Chief of the Trade and Investment Branch, was the selecting official for

the Trade and Investment Specialist Position and Plaintiff's supervisor.  Foster Decl., ¶ 1; Am.

Compl., ¶ 8.  Since all three applicants were under Mr. Foster's supervision, he requested that

Frank Fender, Director of the Food Industries Division, select three impartial people to evaluate

the applications.  Foster Decl., ¶ 7.  Mr. Foster provided an Experience and Skills checklist or

"matrix" drawn from the position description.  *Id.*, ¶ 8.  Plaintiff alleges that the matrix was used

as a pre-selection process, in order to favor one individual, Mr. Sargent.  Am. Compl., ¶ 18.

Plaintiff also contends that such a matrix is not used by Defendant as part of its usual hiring

process and by adopting the matrix here, Defendant violated its EEO policy.  *Id.*, ¶ 19.  The

matrix adopted by Mr. Foster, Plaintiff contends, contained arbitrary and subjective factors not

included in the vacancy announcement and not related to the duties required for the advertised

position.  *Id.*, ¶ 20.

Two of the evaluators selected Mr. Sargent as the highest ranked candidate and one

evaluator selected Plaintiff.  Plaintiff's Opp., Exs. 9, 10, 11. Two of the reviewers were female

(one white and one African-American) and one white male.  *Id.*, Ex. 6.  Mr. Foster states that he

based his selection on the checklists provided by the reviewers and his personal knowledge of

the applicants.  *Id.*  Mr. Foster believed that Mr. Sargent was the strongest candidate for the

following reasons: (1) he was the only candidate with an advanced degree, a masters degree in

International Relations, with a major in Eastern Europe, a critical area for the Trade and

Investment Program; (2) his excellent performance in the Trade and Investment Program in both

Administrative Management and Program Management; (3) his lengthy experience abroad in the area of development with the Peace Corps; (4) his advanced and proven writing skills for developing proposals; and (5) his fluency in Polish and Russian, which while not required for the position, was a plus.  *Id.*  Mr. Foster recommended to Mr. Fender that Mr. Sargent be selected for the position.  Foster Decl., ¶ 11.  Mr. Fender states that he selected Mr. Sargent because he was the best qualified of the three candidates.  Deft.'s Mtn., Declaration of Frank Fender ("Fender Decl."), ¶ 3.

Plaintiff alleges that Mr. Sargent had no previous work experience directly related to the Trade and Investment Program and only one year of total federal government service. Am. Compl., ¶ 23.  She contends that she was the most qualified for the position because of her experience in the program and her demonstrated ability to perform the activities associated with the program.  *Id.*, ¶ 25.  Plaintiff also contends that her lack of advancement within the agency and her failure to obtain this position were in retaliation for her earlier discrimination complaints against Defendant.  *Id.*, ¶¶ 27, 30-32.   In addition to her retaliation claim, Plaintiff alleges that her non-promotion was based on race, gender, and age discrimination.  *Id.*, ¶¶ 36-37, 40-41.  She seeks declaratory and monetary relief.  *Id.*, p. 11-12.


*Standard of Review*

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56 (c).  Material facts are those that "might affect the outcome of the suit under the

governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).

In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party.  *Anderson*, 477 U.S. at  255; *see also Washington Post Co. v. United States Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989).  The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  *Anderson,* 477 U.S. at 248.  The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  Moreover, "any factual assertions  in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir.1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).  The mere existence of a factual dispute by itself, however, is not enough to bar summary judgment.  The party opposing the motion must show that there is a genuine issue of *material* fact.  *See Anderson*, 477 U.S. at 247-48.  To be material, the fact must be capable of affecting the outcome of the litigation; to be genuine, the issue must be supported by admissible evidence sufficient for a reasonable trier of fact to find in favor of the nonmoving party.  *Id.; see also Laningham v. United States Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).

*Discussion*

Plaintiff contends that summary judgment should be denied because she needs to develop facts pursuant to the discovery process. On October 22, 2004, the Court stayed discovery in this matter pending the resolution of the present motion. Plaintiff has submitted an affidavit pursuant to Rule 56(f) of the Federal Rules of Civil Procedure in support of her argument that the lack of discovery should preclude summary judgment.

Under Rule 56(f), a court "may deny a motion for summary judgment or order a continuance to permit discovery if the party opposing the motion adequately explains why at that timepoint, it cannot present by affidavit facts needed to oppose the motion." *Strange v. United States Arms Control & Disarmament Agency*, 864 F.2d 859, 861 (D.C. Cir. 1989). A district court has discretion in determining whether it should permit additional discovery prior to resolving the motion for summary judgment. *Stella v. Mineta*, 284 F.3d 135, 147 (D.C. Cir. 2002). The party seeking discovery bears the burden of identifying the facts to be discovered that would create a triable issue and why the party cannot produce those facts in opposition to the motion. *Byrd v. Envtl. Prot. Agency*, 174 F.3d 239, 248 n. 8 (D.C. Cir. 1999), *cert. denied*, 529 U.S. 1018 (2000). The party must also demonstrate a reasonable basis to suggest that discovery might reveal triable issues of fact. *Carpenter v. Nat'l Mortgage Ass'n*, 174 F.3d 231, 237 (D.C. Cir.), *cert. denied*, 528 U.S. 876 (1999).

Plaintiff states that before the summary judgment motion can be considered, discovery is necessary on the following issues: (1) how Defendant determined it had the authority to convert the position to a Schedule B appointment; (2) why Defendant used a reviewing panel in violation of Schedule B regulations; and (3) why Mr. Foster used a checklist or matrix that included

factors not contained in the position description or vacancy announcement.  Plaintiff's Opp., p. 14.  In her affidavit, counsel states that in order to resolve these issues, Plaintiff needs access to the personnel files of Plaintiff and Mr. Sargent to determine their relative qualifications, copies of the Defendant's rules and regulations implementing Schedule B authority, and a deposition of Mr. Foster, the selecting official, in order to obtain information on the selection process and to address Plaintiff's retaliation claim.  Plaintiff's Opp., Rule 56(f) Affidavit, ¶¶ 4-10.   Defendant contends that this information is adequately addressed in the affidavits submitted in support of its summary judgment motion.

In order to prevail in a Title VII case or age discrimination claim, a plaintiff initially must establish a *prima facie* case of prohibited discrimination.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973); *Carter v. George Washington Univ.*, 387 F.3d 872, 878 (D.C. Cir. 2004).  If the plaintiff succeeds in establishing a *prima facie* case, the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for the challenged action. *McDonnell Douglas*, 411 U.S. at 804.   Once the defendant proffers a sufficient non-discriminatory reason, the burden shifts to the plaintiff to produce some evidence, either direct or circumstantial,  to show that defendant's proffered reason is a pretext for discrimination.  *Id.*; *Morgan v. Federal Home Loan Mortgage Corp.*, 328 F.3d 647, 651 (D.C. Cir.), *cert. denied*, 540 U.S. 881 (2003). *See also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143, 147-49 (2000).

Defendant concedes that Plaintiff can establish a *prima facie* case of sex, race and age discrimination.[1]  Assuming that Defendant can assert a legitimate non-discriminatory reason for

---

[1] Defendant denies that Plaintiff established a *prima facie* case of retaliation.

its action in not selecting Plaintiff for the position, Plaintiff is entitled to discovery on the issues

of pretext and whether Defendant's action was in retaliation for her prior Title VII activity.

Based on the record before the Court, the merits of these issues are unclear.  The circumstances

surrounding the application process for the position, including the decision to exempt the

position from the federal government's competitive service requirements, are material to

Plaintiff's claims.

Denial of a summary judgment motion under Rule 56(f) is appropriate when the record is

undeveloped on elements of Plaintiff's claim.  *See Velikonsa v. Mueller*, 315 F.Supp. 2d 66, 80

(D.D.C. 2004).  Discovery is often necessary to allow the Court to make a fully informed

decision on Defendant's summary judgment motion.  *See Wiggins v. Powell*, -- F.Supp. 2d -- ,

2005 WL 55417 at *23 (D.D.C. March 7, 2005).   Where discovery could provide the facts to

demonstrate that  Defendant's proffered reason for the employment is pretextual, summary

judgment should be denied.  *Stella*, 284 F.3d at 147.


*Conclusion*

Based on the present status of the case, the Court believes there are genuine issues of

material fact and that limited and focused discovery is necessary before summary judgment can

be properly considered.   Accordingly, Defendant's motion for summary judgment will be

denied.  A separate order accompanies this Memorandum Opinion.


    /s/_____

GLADYS KESSLER

July 21, 2005                                United States District Judge